IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:11-CV-009-A |
| MISSIONARY CHURCH OF DISCIPLES OF JESUS CHRIST, ET AL., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER
(Rulings on Objections to Evidence)

The court has before it for decision two sets of objections to evidence on which plaintiff, GuideOne Specialty Mutual Insurance Company, is relying in support of its motion for summary judgment, one set filed by defendant Sonya Gilmore ("Gilmore") and the other filed by defendants Missionary Church of the Disciples of Jesus Christ ("Church") and Armando Salgado ("Salgado") (collectively, "Church Defendants"). The court has concluded for the reasons given below that certain of the objections should be sustained and others denied.

A.  The Objections Made by Church Defendants

1.  Exhibit C

Exhibit C in the amended appendix in support of plaintiff's motion is a copy of the oral deposition given by Salgado on June 28, 2010, in the underlying damage suit pending in the District Court of Bexar County, Texas, 131st Judicial District, as Cause No. 2008-CI-03917, styled "Sonya Gilmore v. Michael A. Meyer, et al." Church Defendants object to Exhibit C on two grounds.

The first ground is that extrinsic evidence of that kind is inadmissible under the "eight-corners" rule that has been applied by Texas courts and the Fifth Circuit, when applying Texas law, to determine whether a liability insurance company has a duty to defend a damage suit brought against a party who potentially is an insured under a policy issued by the insurance company. In GuideOne Elite Insurance Co. v. Fielder Road Baptist Church, the Texas Supreme Court gave the following explanation of the "eight-corners" rule:

> The eight-corners rule provides that when an insured is sued by a third party, the liability insurer is to determine its duty to defend solely from terms of the policy and the pleadings of the third-party claimant. Resort to evidence outside the four corners of these two documents is generally prohibited.

197 S.W.3d 305, 307 (Tex. 2006).

2

The basic problem Church Defendants have with this first ground is that the eight-corners rule simply does not apply to the liability insurance contractual relationship existing between the plaintiff, on the one hand, and one or more of the defendants, on the other. The defense-obligation wording of the insurance policy issued by plaintiff to Church is drastically different from the wording found in the liability insurance policies that gave rise to, and perpetuated, the eight-corners rule. The insurance company and the insured in each of the cases that has applied the rule contracted that the insurance company would "defend any suit brought against [the insured] seeking damages, even though the allegations of the suit are groundless, false or fraudulent." See, e.g., GuideOne Elite Ins. Co., 197 S.W.3d at 307; American Physicians Ins. Exch. v. Garcia, 876 S.W.2d 842, 846 (Tex.1994); Argonaut Sw. Ins. Co. v. Maupin, 500 S.W.2d 633, 634 n.1 (1973); Heyden Newport Chem. Corp. v. S. Gen. Ins. Co., 387 S.W.2d 22, 24-25 (1965). See also C.T. Drechsler, Annotation, Allegations in third person's action against insured as determining liability insurer's duty to defend, 50 A.L.R.2d 458, 463-64 § 3 (1956).

The eight-corners-rule language "even if the allegations of the suit are groundless, false or fraudulent" that is absent from

the policy issued by plaintiff is essential to applicability of the eight-corners rule. The significance of the omitted language recently was discussed by the Texas Supreme Court in <u>GuideOne Elite Insurance Co.</u>, where the Court said:

> Moreover, were we to recognize the exception urged here, we would by necessity conflate the insurer's defense and indemnity duties without regard for the policy's express terms. Although these duties are created by contract, they are rarely coextensive. The policy here obligated GuideOne to indemnify the Church in the event of a meritorious claim for sexual misconduct, but *with respect to the duty to defend, the contract provided that* GuideOne should "defend any suit brought against [the insured] seeking damages, *even if the allegations of the suit are groundless, false or fraudulent* . . . ."
>
> *The policy thus defined the duty to defend more broadly than the duty to indemnify.* This is often the case in this type of liability policy and *is, in fact, the circumstances assumed to exist under the eight-corners rule.* Because the respective duties differ in scope, they are invoked under different circumstances. A plaintiff's factual allegations that potentially support a covered claim is all that is needed to invoke the insurer's duty to defend; whereas, the facts actually established in the underlying suit control the duty to indemnify.

197 S.W.3d 305 at 310 (citations omitted) (emphasis added).

As the Texas Supreme Court explained, the policy language that is missing from plaintiff's policy is "assumed to exist under the eight-corners rule." <u>Id.</u> And, that policy language is what causes the insurance company's duty to defend to be broader

4

than its duty to indemnify. Because plaintiff's policy does not contain that language, the eight-corners rule is not applicable to this case. The language of plaintiff's policy makes the duty to pay and the duty to defend coextensive.

Not only does the insurance policy issued by plaintiff not contain the "groundless, false, or fraudulent" policy language that is so essential to the eight-corners rule, the language of plaintiff's policy could not make any clearer that the parties contracted in such a way as to eliminate applicability of the rule. The basic definition of plaintiff's defense obligation is set forth in the Commercial General Liability Coverage Form, which is adopted by reference in the endorsement titled "Amendatory Endorsement, Hired and Nonowned Business Auto Coverage -- Excess Liability and Medical Payments Insurance." Pl.'s Mot., Am. App. at GIG 0059 (GIG 0169); GIG 0082 (GIG 0192). It reads as follows:

> We will have the right and duty to defend the insured against any "suit" seeking those damages. However we have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

Id. at GIG 0059 (GIG 0169). To eliminate any possible uncertainty on the subject, the amendatory endorsement added the

5

following language:

> However we have no duty to defend "suits" for "bodily injury" or "property damage" not covered by this endorsement.

Id. at GAG 0082 (GIG 0192). The "endorsement" to which the added language refers is the part of the insurance policy upon which defendants rely in support of their claim that the insurance policy provides insurance coverage for the accident that is the subject matter of the underlying suit brought by Gilmore against Church Defendants and Michael A. Meyer.

The dictate of Texas law that "insurance policies are interpreted in accordance with the rules of construction that apply to all contracts generally," Sharp v. State Farm Fire & Cas. Ins. Co., 115 F.3d 1258, 1260 (5th Cir. 1997), compels the conclusion that plaintiff has no obligation to provide a defense to anyone in the state court lawsuit if the insurance provided by plaintiff's policy does not apply to the claims made in that lawsuit.[1] Therefore, extrinsic evidence is proper for

---

[1] In Pendergest-Holt v. Certain Underwriters at Lloyd's, the Fifth Circuit made the following observations that are pertinent to the instant action:

> Thus, we need not and hence do not pause to decide whether the eight corners rule applies to the duty to advance costs as a general matter, for Texas prefers freedom of contract and honors the well-worn prerogatives of parties to override judge-made doctrines--like the eight corners rule--by contracting around them. After all, it is a contract that we are construing. Assuming but not deciding the eight corners rule would
> (continued...)

consideration in determining whether plaintiff has an obligation to defend anyone in the state court action brought by Gilmore against Church Defendants.

The second ground of the objection of Church Defendants to the Exhibit C oral deposition is that the "exhibit is inadmissible on the issue of the duty to indemnify, which must be determined on the basis of the facts established in the Underlying Action." Objections of Church Defendants at 2. Church Defendants cite a hotchpotch of court decisions that fail to give legal substance to this second ground. A review of the most recently decided of the cases, D.R. Horton-Texas v. Markel International Insurance Co., 300 S.W.3d 740 (Tex. 2009), does, however, provide insight into the reasoning of Church Defendants.

A premise of the Horton-Texas decision was that an insurance company's duty to defend and its duty to indemnify "are distinct and separate duties." Id. at 743. Another premise of Horton-Texas was that the insurance policy was worded in such a way that the eight-corners rule applied. Id. at 744. In Horton-Texas, the insurance company was taking the position that a

---

[1](...continued)
have applied, the parties chose--in plain language--to displace it and to provide for the use of extrinsic evidence. We must give effect to those bargained-for choices.

600 F.3d 562, 574 (5th Cir. 2010) (footnotes omitted).

7

determination that it had no duty to defend under the eight-corners rule would necessarily lead to the conclusion that it had no duty to indemnify. Id. at 741. The Supreme Court's holding was that "the duty to indemnify is not dependent on the duty to defend and that an insurer may have a duty to indemnify its insured even if the duty to defend never arises." Id. That holding led to a reversal and remand on the duty-to-indemnify issue. In the Horton-Texas opinion, the Court noted that there could be situations where the duty-to-indemnify issue should be deferred until after the trial of the underlying lawsuit because the issue of coverage may turn on facts actually proved in the underlying lawsuit. Id. at 745.

The reasoning of Church Defendants is unsound if they are of the belief that the holding in Horton-Texas or the other cases they cited causes the Exhibit C oral deposition to be inadmissible as summary judgment evidence. The exhibit is admissible for consideration on the issue of whether there is insurance coverage under the policy issued by plaintiff to Church for the claims made by Gilmore in the underlying suit. Under the language of the policy contract between plaintiff and Church, if there is insurance coverage, the duties to indemnify and defend both exist (unless an insured has engaged in conduct leading to a

8

forfeiture of the insurance coverage); but, if there is no insurance coverage, neither duty exists. Those are the very issues the court is asked by the motion for summary judgment to decide.

If Church Defendants are suggesting that Texas law is that an insurance company cannot obtain a declaratory judgment against its insured that the insurance company does not have an indemnification obligation as to damage-suit claims made against the insured until after the underlying damage suit has been tried and that the court must apply Texas law, Church Defendants are mistaken in two respects.

First, they would be mistaken in thinking that Texas law governs. In this federal declaratory judgment action, federal law determines "justiciability." See Cincinnati Ins. Co. v. Holbrook, 867 F.2d 1330, 1333 (11th Cir. 1989); Ohio Cas. Ins. Co. v. Cooper Mach. Corp., 817 F. Supp. 45, 47 (N.D. Tex. 1993); State Farm Mut. Auto. Ins. Co. v. Bates, 542 F. Supp. 807, 817 (N.D. Ga. 1982). Federal law is that the question of whether an insurance company has a duty to indemnify under an insurance policy is a justiciable controversy under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, even though the underlying litigation as to which the indemnification obligation might arise

has not been resolved by trial. See <u>Maryland Cas. Co. v. Pacific Coal & Oil Co.</u>, 312 U.S. 270, 273-74 (1941); see also <u>Cincinnati Ins. Co.</u>, 867 F.2d at 1332-33; <u>Ohio Cas. Ins. Co.</u>, 817 F. Supp. at 47. In <u>American States Insurance Co. v. Bailey</u>, the Fifth Circuit held that it was not an abuse of discretion for a federal district court to decide the issue of the duty to indemnify as well as the duty to defend even though the underlying state court litigation had not been resolved by trial. 133 F.3d 363, 368-69 (5th Cir. 1998).

The second respect in which Church Defendants would be mistaken is in their apparent belief that Texas law would prohibit the granting of a declaratory judgment on the indemnification issue before conclusion of the trial of the underlying damage suit. At one time the law of Texas did prohibit a declaratory judgment action at that point in time. See <u>Firemen's Ins. Co. v. Burch</u>, 442 S.W.2d 331 (Tex. 1968). However, that nonjusticiability concept was done away with by an amendment to the Texas Constitution and a subsequent Texas Supreme Court decision. See <u>Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin</u>, 955 S.W.2d 81, 83 (Tex. 1997). Now the law of Texas is that the duty to indemnify is justiciable even though the

insured's liability has not been determined in the underlying damage lawsuit. Id. at 84.

Therefore, Church Defendants' objection to Exhibit C is denied.

2. Exhibit D

Exhibit D in the amended appendix in support of plaintiff's motion is a transcription of a videotaped interview of Michael Meyer, Salgado, and Raul Rodriguez. Church Defendants object to Exhibit D on two grounds.

The first ground is that the exhibit constituted extrinsic evidence of a kind that is inadmissible under the eight-corners rule. For the reasons discussed above, that ground is without merit.

The second ground is that the contents of the transcript are hearsay, with the possible exception of statements made by Salgado offered as admissions against a party. The hearsay objection is sustained as to Exhibit D. If proof of an exception to the hearsay rule becomes available, the court will be willing, in response to an appropriate motion, to further consider this matter.

3. Exhibit E

Exhibit E is a statement signed by Michael Meyer concerning the accident that led to the underlying suit and the events that led to his operation of the vehicle that was involved in the accident. Church Defendants have two grounds for their objection to Exhibit E.

The first ground relies on the eight-corners rule. For reasons previously given, that ground is without merit.

The second ground is that the contents of the exhibit are hearsay. The hearsay objection is sustained as to Exhibit E. If proof of an exception to the hearsay objection becomes available, the court will be willing, in response to an appropriate motion, to further consider this matter.

4. Objections to Exhibits F, G, H, I, J, and K

Church Defendants give as a ground for their objections to Exhibits F, G, H, I, J, and K that the exhibits are objectionable by reason of the eight-corners rule. For the reasons given above, that ground for the objections is without merit.

Church Defendants further object to Exhibits F (the oral deposition given by Officer Robert Urdiales in the underlying damage suit) and G (the investigating officer's report pertaining to the motor vehicle accident in question) on the further grounds

12

that each lacks proof of authenticity and each contains hearsay not subject to an exception to the hearsay rule. The court is inclined to think that those grounds have merit, and the court sustains them as to Exhibits F and G. If those objections can be overcome, the court will reconsider in response to an appropriate motion.

Another ground of Church Defendants' objection to Exhibit H is that it is hearsay. The court concludes that paragraph 3 of that exhibit, the affidavit of Holly Inman, is not hearsay, but that paragraph 4 of the affidavit is hearsay. The court so rules.

Church Defendants refer in their objections to Exhibit K as being "an affidavit of an attorney, Ben Motal, of Plaintiff's law firm." This is an inaccurate description of Exhibit K, which is an affidavit of Bonnie Peck. Inasmuch as Church Defendants have misdescribed Exhibit K, the court denies their objection to that exhibit.

B.   The Objections Made by Gilmore

   1.   Exhibits C, D, E, F, and G

Gilmore's objections to Exhibits C, D, E, and F include objections based on the same theory relied on by Church Defendants as the second ground of their objection to Exhibit C.

Gilmore's objections based on that theory are without merit for the same reason the second ground of Church Defendants' objection to Exhibit C was without merit.

Other grounds of Gilmore's objections to Exhibits E and G are the same as grounds asserted by Church Defendants in support of their objections to those exhibits, and the court makes the same rulings thereon.

2. Exhibits H, I, and J

Gilmore objections to Exhibits H, I, and J on the ground that they are irrelevant to any issue in this case. The court disagrees, and denies the objections on those grounds.

Gilmore objects to Exhibit H on the further ground that it is wholly conclusory. The court disagrees, and denies the objection on that ground.

3. Exhibits K, K-1, and K-2

Gilmore objects to Exhibits K, K-1, and K-2 because of lack of authenticity and because they are inadmissible hearsay. While the court questions the relevancy of certain parts of those exhibits, the court does not consider that statements made in the documents necessarily are hearsay. However, the court, for the time being, is sustaining those objections, with the proviso that

the court will reconsider upon the filing of an appropriate motion.

* * * *

Therefore,

The court denies all objections to the extent that they are grounded on the eight-corners rule or the theory that the court should defer resolution of indemnity issue until after the underlying third-party litigation is resolved.

Otherwise, the courts rulings are as indicated above.

THE COURT SO ORDERS.

SIGNED July 7, 2011.

_____
JOHN McBRYDE
United States District Judge